UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LAMONE JANICE GOGGINS,

                Plaintiff,

     - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-285 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Lamone Janice Goggins ("Plaintiff" or "Goggins") brings this action against Acting Commissioner of Social Security Kilolo Kijakazi ("Commissioner") pursuant to 42 U.S.C. § 405(g). (*See* Dkt. 1.) Plaintiff seeks judicial review of the decision of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB"). (*Id.*) Before the Court are the parties' cross-motions for judgment on the pleadings. (*See* Pl.'s Mem. of Law in Supp. of J. on the Pleadings, Dkt. 9; Def.'s Mem. of Law in Supp. of J. on the Pleadings, Dkt. 12-1 ("Def.'s Mem.").) For the reasons that follow, the Court grants Plaintiff's motion and denies the Commissioner's motion. This case is remanded for further proceedings consistent with this Memorandum & Order.

# BACKGROUND[1]

## I.  Procedural History

Plaintiff applied for DIB on November 24, 2020, alleging a disability onset date of October 29, 2020, due to stiff-person syndrome, Crohn's disease, rheumatoid arthritis ("RA"), interstitial cystitis, fibromyalgia, memory loss, hiatal hernia, gastroesophageal reflux disease ("GERD"), anxiety, and depression. (Administrative Transcript ("Tr."), Dkts. 6–7, at 61, 64.)[2] On February 16, 2021, Plaintiff's application was initially denied (Tr. 117–25), and on May 17, 2021, Plaintiff's application was denied on reconsideration (Tr. 127–32). At Plaintiff's request, on January 31, 2022, Administrative Law Judge ("ALJ") Paul Isherwood held a telephonic hearing at which Plaintiff, her counsel, and a Vocational Expert ("VE") appeared. (Tr. 33–60.) On February 28, 2022, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). (Tr. 13–27.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 25, 2022. (Tr. 1–5.) On January 17, 2023, Plaintiff timely filed this action challenging Defendant's denial of Plaintiff's DIB application.[3] (*See* Dkt. 1.)

---

[1] The Court presumes the parties' familiarity with the facts in this case, and therefore recites only the facts that are relevant to the parties' instant motions.

[2] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript (*see* Dkts. 6–7), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system. The Court notes that the Commissioner filed two seemingly identical transcripts in this case, first on March 21, 2023 (Dkt. 6) and then on March 23, 2023 (Dkt. 7). The Court cites herein to the first-filed transcript. (Dkt. 6.)

[3] Section 405(g) provides that:

[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

**II.     ALJ Decision**

The Commissioner employs a five-step inquiry to evaluate Social Security disability claims.  *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (explaining that the plaintiff bears the burden of proof at the first four steps of the inquiry; the Commissioner bears the burden at the final step).  Here, at step one, the ALJ found that Plaintiff met the insured status requirements of the Act and that Plaintiff had not engaged in substantial gainful activity since October 29, 2020, the alleged onset date. (Tr. 15.)  At steps two and three, the ALJ found that Plaintiff had the following severe impairments: stiff-person syndrome, irritable bowel syndrome/Crohn's disease, anxiety, and depression. (Tr. 16.)  However, the ALJ found that Plaintiff's RA, fibromyalgia, hiatal hernia, GERD, and obesity only amounted to non-severe impairments. (Tr. 16.)  The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC")[4] to perform light work with certain limitations. (Tr. 18.)  At step four, the ALJ concluded that Plaintiff was incapable of performing any past relevant work. (Tr. 25.)  Nevertheless, at step five, the ALJ found that Plaintiff could perform several jobs that exist

---

       notice of such decision or within such further time as the Commissioner of Social
       Security may allow.

42 U.S.C. § 405(g).  "Under the applicable regulations, the mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary."  *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing, *inter alia*, 20 C.F.R. §§ 404.981, 422.210(c)).  Here, the Commissioner's decision became final when the Appeals Council denied review on November 25, 2022, and Plaintiff filed this action 53 days later.  (*See* Dkt. 1.)

[4] A claimant's RFC is "the most [he or she] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1); *see also* SSR 96-9P, 1996 WL 374185 (July 2, 1996) ("RFC is what an individual can still do despite his or her functional limitations and restrictions caused by his or her medically determinable physical or mental impairments.  It is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to perform work-related physical and mental activities.").

in significant numbers in the national economy. (Tr. 25–26.) Specifically, the ALJ found that Plaintiff could work as an assembler of small products, marker, or sub assembler. (Tr. 26.)

## STANDARD OF REVIEW

Unsuccessful claimants for benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). "In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Agolli v. Comm'r of Soc. Sec.*, No. 20-CV-5369 (MKB), 2023 WL 6050096, at *3 (E.D.N.Y. Sept. 15, 2023) (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005)). "Courts review de novo whether the correct legal principles were applied and whether the legal conclusions made by the [ALJ] were based on those principles." *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 369 (S.D.N.Y. 2023); *see also Douglass v. Astrue*, 496 F. App'x 154 (2d Cir. 2012) ("Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations.").

"If the reviewing court is satisfied that the ALJ applied the correct legal standards, then the court must 'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision.'" *Coulter*, 673 F. Supp. 3d at 369 (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam)). "[S]ubstantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (internal quotation marks omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Cichocki v. Astrue*, 729 F.3d

172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the court] to glean the rationale of an ALJ's decision." (internal quotation marks omitted) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983))). If there is substantial evidence in the record to support the Commissioner's factual findings, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g); *see also Cichocki*, 729 F.3d at 175–76. However, "[i]f . . . the Commissioner's decision is not supported by substantial evidence or is based on legal error, a court may set aside the Commissioner's decision." *Agolli*, 2023 WL 6050096, at *3.

## DISCUSSION

The Court concludes that the ALJ's RFC finding is not supported by substantial evidence. Medical records alone cannot provide substantial evidence for an RFC determination; an "ALJ's RFC determination must be supported by a medical opinion in the record at that time." *Pearson v. Comm'r of Soc. Sec.*, No. 20-CV-3030 (AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3, 2021). In determining whether the Commissioner's findings were based on substantial evidence, the Court must ascertain that the agency considered all evidence in reaching its findings. 20 C.F.R. § 404.1520(a)(3). Moreover, the Court "is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian*, 708 F.3d at 417) (quoting *Mongeur*, 722 F.2d at 1038). Still, "it is up to the agency, and not this [C]ourt, to weigh the conflicting evidence in the record," *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998), and if there is substantial evidence in the record to support the Commissioner's findings as to any fact, they are conclusive and must be upheld, 42 U.S.C. § 405(g); *see also Cichocki*, 729 F.3d at 175–76.

I.  **Failure to Properly Evaluate Medical Opinions**

The Court finds that the ALJ failed to properly evaluate the opinions of Plaintiff's treating sources, Iman Abdullah, LPC,[5] and Dr. Imani Williams-Vaughn, a family medicine practitioner. The ALJ also failed to properly evaluate the opinion of consultative examiner, Dr. Stefanie Platt, a neurologist.

First, the ALJ improperly discounted LPC Abdullah's and Dr. Platt's opinions due to perceived vagueness and ambiguities, rather than seeking clarification or additional information. LPC Abdullah, who began treating Plaintiff for major depressive disorder in December 2018, opined that Plaintiff had numerous moderate to severe limitations due to her mental health condition. (Tr. 332–35.) The ALJ dismissed LPC Abdullah's opinion as unpersuasive, in part because "her assessment [was] dated February 15, 2020 and she indicated that [Plaintiff's] impairments began in July 2020, which [was] a future date." (Tr. 22.) Although the ALJ acknowledged that this was "likely a mistake," (*see id.*), he still used it as a basis to discount LPC Abdullah's opinion, which was improper. If the ALJ perceived a potential mistake that rendered the credibility of LPC Abdullah's opinion ambiguous, he should have sought clarification. *See Lebby v. Comm'r of Soc. Sec.*, No. 20-CV-4760 (PKC), 2022 WL 580983, at *6 (E.D.N.Y. Feb. 24, 2022) ("[T]he ALJ's finding that [a source's] opinion was 'vague' and inconsistent required further action from the ALJ to develop the record, such as recontacting [the source] for additional information."); *Smith v. Berryhill*, No. 16-CV-6502 (KAM), 2019 WL 3936736, at *9 (E.D.N.Y. Aug. 20, 2019) (concluding that the ALJ failed to fulfill her duty to develop the record by failing to seek clarifying information that could have resolved an ambiguity in a medical opinion). The

---

[5] "LPC" refers to "licensed professional counselor." (*See* Def.'s Mem. at 3.)

ALJ also discounted LPC Abdullah's opinions because her counseling records "were not available beyond one report signed on July 12, 2021." (Tr. 22.)  This too was error, and, if anything, points to the ALJ's failure to develop the record.  *See Lebby*, 2022 WL 580983, at *4 ("[I]n determining that none of the experts who had personally examined Plaintiff provided opinions that were supported by a 'detailed narrative' nor their own evaluations, the ALJ had a duty to develop the record and resolve these obvious gaps.").

The ALJ similarly erred by dismissing Dr. Platt's opinion as unpersuasive on the basis that her statements were "vague, brief, and conclusory and not a function-by-function analysis of [Plaintiff's] limitations." (Tr. 23.)  Dr. Platt, who conducted a neuropsychological evaluation of Plaintiff, opined that Plaintiff's "overall level of functional ability for day to day tasks was in the Below Average range," and that Plaintiff's "cognitive difficulties [were] . . . sufficient to interfere with the performance of duties or social adjustment." (Tr. 440.)  As with LPC Abdullah's opinion, to the extent that the ALJ found Dr. Platt's opinion "vague," the ALJ should have sought clarification.  *See Gerald v. Comm'r of Soc. Sec.*, No. 21-CV-665 (FB), 2022 WL 3586557, at *1 (E.D.N.Y. Aug. 22, 2022) ("[W]here relevant information appears vague, the ALJ must seek to clarify ambiguity."); *see also Madera v. Comm'r of Soc. Sec.*, No. 20-CV-1459 (PKC), 2021 WL 4480656, at *6 (E.D.N.Y. Sept. 30, 2021) (remanding because, *inter alia*, the ALJ should have sought clarification regarding a consultative examiner's opinion that was "vague" and "not a specific, functional limitation").

Second, the ALJ failed to properly evaluate whether the opinions of LPC Abdullah, Dr. Williams-Vaughn, and Dr. Platt were supported by and consistent with the record.  The Act's regulations require an ALJ to explain "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [an applicant's] case record." 20 C.F.R.

7

§ 404.1520c(b). "Supportability" and "consistency" are the "most important factors" in evaluating the persuasiveness of medical opinions. *Id.* § 404.1520c(b)(2). Here, the ALJ impermissibly "cherry-picked" the medical evidence in analyzing whether the opinions of LPC Abdullah, Dr. Williams-Vaughn, and Dr. Platt were supported by the record. *See Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585 (S.D.N.Y. 2022) ("Courts frequently remand an ALJ's decision when it ignores or mischaracterizes medical evidence or cherry-picks evidence that supports his RFC determination while ignoring other evidence to the contrary."); *Hahn v. Saul*, No. 20-CV-6124 (KAM), 2023 WL 4975970, at *7 (E.D.N.Y. Aug. 3, 2023) (remanding where the ALJ cherry-picked findings from one physician's consultative examination despite contradictory findings from several other medical sources). For example, the ALJ discredited LPC Abdullah's opinion partly on the basis that it was inconsistent with isolated statements about Plaintiff's mental state in Dr. Williams-Vaughn's records, (*see* Tr. 22), while ignoring "the myriad of evidence on the record" of Plaintiff's mental illness and cognitive limitations. *See Harvey v. Comm'r of Soc. Sec.*, No. 20-CV-1484 (FB), 2021 WL 4463380, at *2 (E.D.N.Y. Sept. 29, 2021). Furthermore, it was improper for the ALJ to reject Dr. Williams-Vaughn's opinion about Plaintiff's mental limitations as "beyond the scope of her expertise as a family practice physician," while also invoking statements from Dr. Williams-Vaughn's records (and statements from the records of Plaintiff's gastroenterologist) to discredit the opinion of Plaintiff's counselor, LPC Abdullah, without explaining this discrepancy. (*See* Tr. 22–23); *Artinian v. Berryhill*, No. 16-CV-4404 (ADS), 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018) (explaining that when an ALJ "uses a portion of a given opinion to support a finding, while rejecting another portion of that opinion, the ALJ must have a sound reason for the discrepancy"). Additionally, in concluding that Dr. Platt's opinion was not supported by her

8

own findings, the ALJ highlighted that Dr. Platt found that Plaintiff's memory and attention were only "mildly impaired." (Tr. 23.)  However, the ALJ failed to acknowledge that Plaintiff's performance in tasks related to processing speed and mental flexibility was "exceptionally low," indicating moderate impairment (Tr. 445), or that Dr. Platt explicitly noted that her conclusions regarding Plaintiff's impairments were "due to a combination of factors," as opposed to a limitation in any specific area (*see* Tr. 450).  Finally, as to the consistency factor, the ALJ erred by disregarding the fact that LPC Abdullah's, Dr. Williams-Vaughn's, and Dr. Platt's opinions were consistent with one another, in that they all found that Plaintiff had moderate to severe limitations as a result of her mental and cognitive impairments.[6]

## II.     Inappropriate Reliance on Non-Examining Experts[7]

The Court further finds that the ALJ inappropriately relied on non-examining sources in determining Plaintiff's RFC.  An ALJ is permitted to take into consideration the opinion of a non-examining source in determining a claimant's RFC; however, "[b]ecause a treating source examines a claimant directly, they 'may have a better understanding of [a claimant's]

---

[6] Nor did the ALJ consider the ways in which Dr. Williams-Vaughn's opinions regarding Plaintiff's physical limitations were consistent with the opinion of state agency medical consultant, Dr. D. Mirza, who also offered a fairly restrictive opinion about Plaintiff's physical abilities. (*See* Tr. 24.)

[7] In January 2017, the SSA eliminated the treating physician's rule for claims, such as this one, filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.   Nonetheless, "[a] survey of . . . cases . . . show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar." *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-502 (AJN) (KHP), 2021 WL 363682, at *9 (S.D.N.Y. Jan. 29, 2021) (collecting cases), *R. & R. adopted sub nom. Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-502 (KMW) (KHP), 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022);   *see also Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021) ("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner.").

impairment(s) . . . than if the medical source only reviews evidence in [a claimant's] folder." *Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *4 (E.D.N.Y. Sept. 30, 2020) (quoting 20 C.F.R. §404.1520c(c)(3)(v)). As such, even after the elimination of the treating physician's rule, courts frequently find that "RFC determinations that depend entirely on the opinions of non-examining experts and one-time consultative examiners are not supported by substantial evidence." *Lewis v. Saul*, No. 21-CV-1493 (AMD), 2022 WL 4586241, at *9 (E.D.N.Y. Sept. 29, 2022); *Fintz v. Kijakazi*, No. 22-CV-337 (KAM), 2023 WL 2974132, at *5 (E.D.N.Y. Apr. 15, 2023) ("While heavy reliance on a one-time examiner's opinion does not automatically constitute a legal error, the Second Circuit has warned that heavily relying on an examiner who only examined a claimant once is inadvisable." (citing *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019))). "This concern is even more pronounced in the context of mental illness where . . . a one-time snapshot of a claimant's status may not be indicative of [his or] her longitudinal mental health." *Estrella*, 925 F.3d at 98; *see also, e.g.*, *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *9 (E.D.N.Y. Feb. 10, 2022).

  Here, the ALJ considered nine opinions in assessing Plaintiff's mental and physical limitations, but only found the opinions of two non-examining experts, Dr. K. Vu and Dr. R. Paxton, to be at all persuasive. (*See* Tr. 22–25.) The ALJ found Dr. Vu's opinion as to Plaintiff's physical limitations to be "persuasive" because it was supported by Plaintiff's "history of stiff-[person] syndrome and irritable bowel syndrome." (*Id.* at 25.) As such, the ALJ relied on Dr. Vu's opinion in determining Plaintiff's RFC. (*Id.*) The ALJ found Dr. Paxton's opinion as to Plaintiff's mental limitations to be "generally persuasive," except for Dr. Paxton's opinion that Plaintiff would only be capable of unskilled one-to-two step tasks due to

her "moderate cognitive limitations," which the ALJ found inconsistent with Plaintiff's "generally conservative mental health treatment" and unsupported "by the balance of objective exams and reports." (*Id.*)  In contrast, the ALJ found the other seven opinions in the record—the majority of which indicated, to varying degrees, that Plaintiff suffered from more than moderate physical and mental limitations—to be unpersuasive.  (*See id.* at 22–25.)

The Court finds that the opinions of Dr. Vu and Dr. Paxton do not constitute substantial evidence in this case, especially considering the opinions of Plaintiff's treating sources, LPC Abdullah and Dr. Williams-Vaughn, and consultative examiner, Dr. Platt.  *See Fintz*, 2023 WL 2974132, at *6 ("Without the support of an opinion by an expert who actually examined Plaintiff, however, the non-examining doctors' opinions cannot constitute substantial evidence." (citation omitted)); *Stewart v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 1, 2 (E.D.N.Y. 2021) (remanding where ALJ accorded great weight to the opinion of a psychiatrist who never examined the plaintiff and rejected the medical evidence provided by treating sources); *see also Santoro v. Comm'r of Soc. Sec.*, No. 21-CV-2044 (KAM), 2023 WL 8177365, at *7 (E.D.N.Y. Nov. 27, 2023) ("[W]hen the disability at issue is a mental impairment, . . . it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." (internal quotation marks omitted) (quoting *Perry v. Comm'r of Soc. Sec.*, No. 18-CV-5517 (PKC), 2020 WL 1550583, at *5 (E.D.N.Y. Mar. 31, 2020))).  Moreover, the ALJ's analysis of the consistency and supportability of Dr. Vu's and Dr. Paxton's opinions was cursory, at best.  In finding Dr. Vu's opinion to be persuasive, the ALJ stated only that the opinion was "supported by [Plaintiff's] history of stiff-[person] syndrome and irritable bowel syndrome," without discussing the extent to which it was consistent or not with other medical

11

opinions in the record.  (Tr. 25.)  Likewise, the ALJ rejected the portion of Dr. Paxton's opinion that supported Plaintiff's claim of disability without discussing the ways in which that portion of Dr. Paxton's opinion was consistent with the opinions of Dr. Platt, Dr. Williams-Vaughn, and LPC Abdullah.  (*Id.*); *see supra* Section I.

## CONCLUSION

For the reasons set forth herein, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion.  The Commissioner's decision is vacated, and this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Memorandum & Order.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 25, 2024
       Brooklyn, New York